UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARILYN S. WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:09-CV-150 |
| ) | (VARLAN/SHIRLEY) |
| RENTENBACH ENGINEERING COMPANY, ) | |
| CONSTRUCTION DIVISION, ) | |
| RENTENBACH CONSTRUCTORS, INC., ) | |
| KIMBERLY MICHELLE HAMMONTREE, ) | |
| CAROL JAMERSON, and ) | |
| AUTUMN ALEXANDER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court for consideration of the Report and Recommendation entered by United States Magistrate Judge C. Clifford Shirley, Jr., on March 8, 2013 [Doc. 34] (the "R&R"). Magistrate Judge Shirley recommends that Defendants Rentenbach Engineering, Construction Division and Rentenbach Constructors, Incorporated, and Carol Jamerson's Motion for Judgment on the ERISA[1] Administrative Record [Doc. 30] be granted and that the claims against defendants Rentenbach Engineering Construction Division, Rentenbach Constructors, Inc. ("Rentenbach") and Carol Jamerson ("Jamerson") be dismissed with prejudice.

---

[1] ERISA is the acronym for the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*

Although plaintiff filed a timely objection to the R&R [Doc. 36],[2] plaintiff did not file a timely response to the motion prior to issuance of the R&R. Plaintiff therefore "waived any objections to the motion, and, thus, the recommendation." *See MW Mapleleaf Partners, LLC v. Fifth Third Bank, Inc.*, No. 5:09–380–KKC, 2010 WL 5463299, at *1 (E.D. Ky. Dec. 22, 2010) (finding that certain parties waived objections to a motion and the related recommendation because, despite orders from the magistrate judge that they respond to the motion, they failed to respond to the motion and failed to appear at a hearing held by the magistrate judge on the motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Indeed, failing to respond to a motion referred to a magistrate judge and then opposing the motion in an objection to a report and recommendation issued by the magistrate judge circumvents the entire referral process. Plaintiff's objection [Doc. 36] is therefore **OVERRULED**.

When reviewing a report and recommendation of a magistrate judge, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1). The Court has reviewed the R&R and the underlying motion, as well as the relevant law, and finds that Magistrate Judge Shirley appropriately considered and determined that defendant Rentenbach did not violate its fiduciary duty to plaintiff with respect to 29 U.S.C. § 1055, that Jamerson's performance was purely a perfunctory,

---

[2] The time for responding to the objection has not yet passed, but the Court finds a response would not aid the Court. The Court therefore rules on the objection before the deadline for a response. *See* E.D. Tenn. L.R. 7.2.

ministerial function and that she was not a fiduciary, and that plaintiff's action under 29 U.S.C. § 1109 is not authorized. It thus agrees that these claims should be dismissed with prejudice.

But, after reviewing the record, the Court finds it appropriate to reject the recommendation of Magistrate Judge Shirley in one respect. Magistrate Judge Shirley determined that plaintiff's negligence claim against Jamerson is preempted by ERISA [*See* Doc. 34 p. 11–14]. He noted, however, that the issue was a "close call" and found defendants' argument persuasive "[b]ecause the Plaintiff failed to articulate any argument on her behalf" [*Id*. p. 14]. Given the circumstances concerning plaintiff's counsel set forth in plaintiff's objection [*see* Doc. 36], and the fact that state-law claims still exist against defendants Autumn Alexander and Kimberly Michelle Hammontree, the Court rejects this portion of the R&R. Consequently, and because there are no longer any claims over which this Court has original jurisdiction, the Court finds it appropriate to decline to exercise supplemental jurisdiction and remand all of plaintiff's state-law claims to the state court in which this action was commenced. *See* 28 U.S.C. § 1367(c).

In sum, for the reasons explained herein, the Court hereby **ACCEPTS in part** and **REJECTS in part** the R&R [Doc. 34] and **GRANTS in part** and **DENIES in part** Defendants Rentenbach Engineering, Construction Division and Rentenbach Constructors, Incorporated, and Carol Jamerson's Motion for Judgment on the ERISA Administrative Record [Doc. 30]. Plaintiff's state-law claims are **REMANDED** to the

Chancery Court for Knox County, Tennessee for that court's consideration and determination. The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>CHIEF UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

    s/ Debra C. Poplin
    CLERK OF COURT